29,892-21

ROY L. SMITHWICK JR.
TDCJ#622814 McConnell
3001 S. Emily Dr.
Beeville, Tx. 78102

Court of Criminal Appeals
Attn: Clerk
Capitol Station
P.O. Box 12308
Austin, Tx. 78711

RE: Objection Filing   Case# 29,892-21

Dear Clerk,

    Enclosed please find a "Objection " to the Trial Courts
denial to Address the recent Application for Habeas Corpus Under
Art. 11.073 which a new legal baises for my filing.

    Will you please file my Objection for the Appeals court to
review with my Application.

    Thank you for your time and attention.

                                    ROY LOUIS SMITHWICK JR.

                                    7-16-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 19 2015

Abel Acosta, Clerk

IN THE
COURT of CRIMINAL APPEALS
of TEXAS

EX PARTE,                          §
    ROY LOUIS SMITHWICK JR.       §          CCA# 29,892-21
        APPLICANT              §
                       §          49TH DISTRICT COURT
                       §          TRIAL #1992CRA00041-D1(T)
                       §

## OBJECTION

To the Justices of the Court of Criminal Appeals comes now ROY LOUIS SMITHWICK JR., Pro-Se, Applicant in the above styled and numberd cause to file this OBJECTION to the Trial Courts denial to address a First Application for Habeas Corpus Under Art. 11.073 which is New Law Previously unavailable for a subsequent Application.

In support please find the following:

I.

## ABUSE OF WRIT CITING SHOULD BE SET ASIDE

The Court of Criminal Appeals ordered the Clerk not to accept any future filing from Smithwick Under Art. 11.07 unless it appeared that Section 4(a) was overcome for a succesive

This application is being presented for the first time Under CCP Art. 11.073. This New Legal Bais was previously unavailable for the claims consideration in a subseqent Application. Therefore the requirements for Sec 4 (a)(1) "Legal bais" previously being unavailable is met for a review of this Application.

Further, this is Smithwick's first Application citing a "Miscariage of Justice" claim on the related Scientific testimony>

1.

The Records available to Smithwick show the Trial Prosecutor had Pre-Trial Knowledge of the offered trial testimony being false and Unreliable Scientifically yet still used it to prove his case beyond a reasonable Doubt;

Prosecutor:"it is going to boil down to scientific evidence ... that will prove beyond all doubt this man killed..."(Trial RR. Vol.I P.118-119 L.23-25 & 1-2)

Also before Smithwick alleged this claim he filed a Administrative complaint with the District Attorney's Office to investigate the Criminal Misconduct of the Trial Prosecutor. No response or investigation was made to the claims.

Smithwick then requested the Scientific Records Used to prepare for Trial that would have addressed the claims. The DA's Office refused to make available the Documents.

Despite the recent events of enacting the Michael Morton Act that resulted from a Prosecutor withholding Reports and the Duties Outlined in CCP § 2.01 that require the release of evidence that may be exculpratory or impeaching the DA's Office refused to make available any record that may prove Prosecutoral criminal misconduct.

Smithwick therefore has strong reasons and information available to make the claim of a "MISCARIAGE OF JUSTICE" due to the trial prosecutor actions before, during and after Trial.

Wherefore the Abuse of writ citing should be set aside and the foregoing case be filed and addressed.

2.

## II.

## NEW LAW (11.073) IN RELATION TO THIS CASE

On 9/1/2013 Legislation enacted Criminal Codes and Procedure Art. 11.073 that applies to scientific evidence that was relied upon by the State and is now discredited.

In Ex Parte Neal Hampton Robbins No.WR-73-484-02 the Court of Criminal Appeals Granted Relief on errors Re-Submitted Under the New Law CCP. 11.073. Judge Cochran's concurring Opinion, Joined by Judges Price and Johnson, noted that the State's Arguement in Robbins was:

> "that the plian language and legislative history of Art. § 11.073 'demonstrates' a legislative intent to provide a remedy when there is a generally accepted Scientific advance or break throught in a discipline of forensic science,' rather then a change in the State's scientific expert's opinion."

At the time of Smithwick's trial the Generally accepted scientific advance of DNA testing was available at least two years prior to Smithwick's Trial.

Yet, the Trial Prosecutor knowingly and intentionally relied upon Unreliable and Obsolete (Old Science) "Enzyme Testing to show Smithwick committed the Offense.

The scientifically advanced testing was not utilized intentionally which deprived Smithwick's Constitutional right to a fair trial .

Judge Cochran also traced the history of CP. Art. § 11.073, noting that:

> "by 2009, The Texas Legislature, at the urging of the Ibnnocence Project of Texas, begain reacting to the problems of prior convictions based on bad Scientific evidence."

3.

Judge Cocharn stated in finding relief appropriate in the Robbins case:

> "regardless of whether a conviction is based on an unreliable field of science or unreliable scientific testimony, the result is the same: an unreliable verdict that can not stand the test of time. It is built upon the shifiting sands of "Junk" science or a "Junk" scientist, and it is the purpose of Art. § 11.073 to provide a statutory mechanism for relief and a retrial based upon 'good' science and 'good' scientific testimony"

Judge Johnson's concurring opinion noted the following:

> "the various positions on statutory interpretation seem to agree that the legislative history indicates that the intent of this statute is to provide relief to those who were convicted on science or scientific methodology that is now known to be unsound."

> "whether 'debunked' or 'refined' for increased accuracy,changes in in scientific knowledge in general and therefor changes in scientific testimony by individuals, must be acknowledge and addressed."

Smithwick has provided a Affidavit and a listing of what the Ballist report would have contained. This shows that the trial prosecutor Expert witness falsified his testimony (debunked) but also shows that the Trial Prosecutor would have known the Trial testimony was going to be false.

This further shows that Smithwick has met the requirements of Art. 11.073. (Testimony Discredited)


In the Recorders records the Trial Prosecutors own words state he relied on scientific testimony to prove his case beyond a reasonable doubt. This also demonstratate the States relied upon expert science testimony metting the requirements of 11.073.

4.

## CONCLUSION

Smithwic has shown that he has met the requirements for relief under Art. 11.073 by discrediting the Scientific testimony and has shown the Trial Prosecutor's own words prove he relied upon the scientific testimony for a conviction.

Further, It is also shown that the Trial Prosecutor in all likelyhood knew the Scientific testimony was going to be false and unreliable. A "Miscariage of Justice" becomes obvious and the intentional introduction of false and unreliable scientific testimony can not be considerd a harmless intent.

## PRAYER

Wherefore Smithwick Prays that the Court of Criminal Appeals find that Smithwick is entitled to Habeas Corpus Review Under Art. 11.073 and remand the case back to the Trial Court to hold a Evidentiary Hearing to establish a Fact Finding and Conclusions of law based on the records and a Developed Record addressing the merits.

Respectfully submitted,

ROY L. SMITHWICK JR.
TDCJ#622814 McConnell
3001 S. Emily Dr.
Beeville, Tx. 78102

3-16-15

## DECLARATION

I hereby declare under the Penality of Perjury that every statement in the forgoing "Objection" is true and Correct. As to to statement based on the information I have available to me I also believ them to be true and correct.

ROY LOUIS SMITHWICK JR.

5.